UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MICHAEL FRANCIS MOYNIHAN, JR., | ) | CASE NO. C11-1786-MJP-MAT |
| Plaintiff, | ) ) | |
| v. | ) ) | REPORT AND RECOMMENDATION |
| 2ND CONGRESSIONAL DISTRICT, | ) ) | |
| Defendant. | ) ) | |

On November 2, 2011, the Court denied *pro se* plaintiff Michael Francis Moynihan, Jr.'s application to proceed ("IFP") with his civil complaint based on having three "strikes" under 28 U.S.C. § 1915(g) and directed him to pay the $350 filing fee to proceed with this lawsuit. (Dkt. 5.) Shortly thereafter, the Court received a letter from Mr. Moynihan in which he requested that all deadlines be stayed until he has access to his legal files. (Dkt. 6.) He did not discuss why lack of access to legal files would prevent him from paying the $350 filing fee. He did, however, provide a new mailing address that, coupled with mail returned as undeliverable, suggests he is no longer incarcerated in Snohomish County Jail and is living in a multi-occupancy home in North Bend. The Court recommends **DENYING** as moot Mr.

REPORT AND RECOMMENDATION
PAGE -1

Moynihan's request to stay this action (Dkt. 6) because, having reviewed Mr. Moynihan's complaint, the Court recommends **DISMISSING** this matter with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Mr. Moynihan seeks to bring a Freedom of Information Act ("FOIA") action against defendant 2nd Congressional District so that defendant will disclose information about itself and Congressman Rick Larsen. (Dkt. 1-1.) No cause of action lies under FOIA against the 2nd Congressional District. FOIA applies only to agencies of the executive branch of the United States government. 5 U.S.C. §§ 551(1), 552(f); *see Moore v. United Kingdom*, 384 F.3d 1079, 1089 (9th Cir. 2004). No amendment of Mr. Moynihan's complaint will cure this fatal pleading deficiency. *See Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that a *pro se* litigant should be afforded the opportunity to amend the complaint unless "it is absolutely clear that no amendment can cure the defect"). A proposed order is attached.

DATED this 17th day of November, 2011.

Mary Alice Theiler
United States Magistrate Judge